

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Fred Freeman, #235180, )
                                      ) CIVIL ACTION NO. 9:11-2113-DCN-BM
       Plaintiff, )
                                      )
v. )
                                      ) **REPORT AND RECOMMENDATION**
Ms. Haselden, Financial Accounting )
E.H. Cooper; Libby Priester, Business )
Office; and Warden Hagan, )
                                      )
       Defendants. )
_____)

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants. Plaintiff is a frequent filer of pro se litigation in this Court.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on October 17, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 19, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendants' motion on October 26, 2011, and a second response on November 7, 2011.

Defendants' motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff alleges in his Verified Complaint that he is an inmate at the Allendale Correctional Institution (ACI), and that he has been denied "hygiene materials, soaps, toothpaste, razors, [and] shampoo", as well as legal materials needed for access to the courts. Plaintiff further claims that he has been denied "prevailing wages". It is not clear exactly what type of claim Plaintiff is actually trying to pursue in this case, however, as he primarily talks about the Defendants' improperly taking money out of his E. H. Cooper account (inmate account), which allegedly results in his being unable to purchase the hygiene products, pens and paper for (perhaps) court filings, or

---

¹(...continued)
Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



other matters that he discusses. In any event, it is readily apparent that some of Plaintiff's complaints concerning the operation of his trust account and resulting (alleged) inability to purchase the items he discusses go back as far as 2003, proceeding all the way up to an account balance in his inmate account on December 10, 2009 of .09 cents. Plaintiff also contends that these "misappropriations" and "deprivations" relate to state cases he had before the state Administrative Law Court in 2008 and 2009. Plaintiff has attached as exhibits to his Complaint copies of grievances from 2007 and 2009 with related court documents, and seeks as relief a total of $300,000.00. See generally, Complaint, with attached exhibits.

Defendants asset in their motion that they are entitled to dismissal of this case because it has been filed outside the applicable three year statute of limitations. See Wallace v. Kato, 549 U.S. 384, 387 (2007)[Statute of limitations for § 1983 action is the same as state statute of limitations for personal injury claim]; S.C. Code Ann. § 15-3-530(5)[statute of limitations for personal injury claim in South Carolina is three years]. In support of this argument, Defendants note that Plaintiff's Grievance No. ACI-0111-07 (copy attached to Plaintiff's Complaint), in which Plaintiff complains about funds being improperly deducted from his trust account and that as a result he was not able to obtain hygiene items and legal material for access to the legal process, was filed on January 20, 2007. Plaintiff received a denial of his Step 2 Grievance concerning this matter on May 4, 2007.[2] See

---

[2] This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step One), the inmate may then appeal the Warden's decision by filing a Step Two appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



attachments to Plaintiff's Complaint. Although Plaintiff thereafter appealed the denial of his Step 2 Grievance to the Administrative Law Court, Defendants correctly note that Plaintiff was not required to do so, and that therefore the denial of his Step 2 Grievance on May 4, 2007 sufficiently exhausted his administrative remedies to allow him to proceed with a federal lawsuit at that time. See Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of Step 2 grievance exhausts administrative remedies and § 1997(a) does not require inmates to further appeal to Administrative Law Court.)); Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007) Johnson v. Ozmint, 567 F.Supp.2d 806, 820, n. 5 (D.S.C. 2008); see also Spruill v. Gillis, 372 F.3d 218, 223 (3rd. Cir. 2004)[documents relating to issue of exhaustion may be considered when considering a motion to dismiss].³

        For purposes of their motion, Defendants argue that Plaintiff's limitations period began to run at the latest on January 20, 2007, the date he submitted his Step 1 grievance in Grievance No. ACI-0111-07, and that he therefore was required to file this lawsuit by no later than January 20, 2010. See City of Newberry v. Newberry Electric Corp. Inc., 692 S.E.2d 510 (S.C. 2010)["The statute [of limitations] runs from the date the injured party either knows or should know . . . that a cause of action arises for the wrongful conduct"] (quoting Dean v. Ruscon Corp., 468 S.E.2d 645,

---

³If, however, a prisoner wishes to attack a conviction or sentence imposed by a prison disciplinary official, he or she must exhaust both steps of the prison grievance process *and* also appeal the Step 2 decision to the state ALJ Division before his remedies may be said to be exhausted. See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007); see also Dicks v. South Carolina Dep't of Corr., No. 06-663, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490-91 (1973). Plaintiff is not challenging a disciplinary conviction in this case.

4



647 (S.C. 1996)). However, Plaintiff was required to exhaust his grievance through his Step 2 appeal before he could bring this lawsuit in federal court. See 42 U.S.C. § 1997e(a)["[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."]; Porter v. Nussle, 534 U.S. 516 (2002). Hence, since Plaintiff did not exhaust his administrative remedies such that he could proceed with this lawsuit until May 4, 2007, he had until May 4, 2010 to file this action. Peoples v. Rogers, No. 10-24, 2010 WL 424201, at * 2 (D.S.C. Feb. 1, 2010)[Finding that federal court should toll state statutes of limitations while inmates exhaust administrative remedies under § 1997e].

Plaintiff did not file this case until August 9, 2011.[4] Therefore, if the statute of limitations began to run on May 4, 2007, Plaintiff failed to timely file this action with respect to any claims relating to his 2007 grievance, and these claims must be dismissed.[5] Plaintiff might argue that, although any further appeal past the denial of his Step 2 Grievance was not required and he could at that point have proceeded with a claim in federal court, his voluntary continuation of the pursuit of this state remedy through an appeal to the state court system entitles him to a further tolling of the statute of limitations. However, to the extent Plaintiff may make such an argument (which at this point he has not), the undersigned concludes that it is without merit. Because the statute of

---

[4] Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[5] The Court is constrained to note, however, that Plaintiff also complains about allegedly improper deductions from his trust account, resulting in Plaintiff allegedly not being able to procure hygiene materials and/or pursue appeals of his court case, in a second grievance filed in August 2009. See Plaintiff's Exhibit (Grievance No. ACI 0090-09). Defendants do not address this grievance in their motion. Plaintiff's Step 2 appeal with respect to that grievance was not denied until November 2009. Therefore, any claims Plaintiff is asserting with respect to the alleged deprivations referred to in this 2009 grievance would not be barred by the statute of limitations.

5



limitations for a § 1983 claim relies on the state statute for personal injury claims, federal courts must "also borrow [ ] the state's tolling rules - including any equitable tolling doctrines". Peoples, 2010 WL 424201, at * 1, citing Smith v. City of Chicago Heights, 951 F.2d 834, 839-840 (7th Cir. 1992). Under the applicable state law tolling rules, "a federal court applying South Carolina law must toll the statute of limitation if a 'statutory prohibition' exists which prevents a Plaintiff's cause of action". Peoples, 2010 WL 424201, at * 2; citing S.C. Code Ann. § 15-3-100. Applying this principal, it is clear that there was no statutory prohibition preventing Plaintiff from pursuing his claim in federal court after the denial of his Step 2 Grievance on May 4, 2007. Duncan, 2008 WL 153975, at * 5; Charles, 2006 WL 1341267, at * 4, n. 4. Therefore, South Carolina's tolling rules would not have tolled the running of the statute of limitations past that date.

Finally, even though there was no statutory prohibition preventing Plaintiff from filing this cause of action after May 4, 2007, Plaintiff could still argue for entitlement to equitable tolling based on his continued pursuit of state court remedies, even though he was not required to have done so. However, Plaintiff has not asserted any argument for entitlement to equitable relief in his response to the Defendants' motion, and in any event Plaintiff has not shown that he acted with reasonable diligence in pursuing his 2007 claims so as to entitle him to equitable relief. Plaintiff's own exhibit (Order of the Supreme Court) shows that he received a final order from the South Carolina Supreme Court denying his petition for writ of certiorari from the lower state court with respect to his 2007 filing on September 16, 2010. See, Exhibit, Freeman v. South Carolina Department of Corrections, Case No. 2007-AL-04-00421. Plaintiff then waited almost a full year before filing this lawsuit. Plaintiff did not "diligently" pursue this claim based on these facts, and he would therefore not be entitled to equitable tolling of his 2007 claim even assuming he had asked for

6



this relief in his pleadings. Cf. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010)[In order to be entitled to equitable tolling, claimant must show that he pursued his rights "diligently"]; Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)[Lack of diligence precludes equity's operation]; Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004)[To obtain equitable tolling, the party seeking the equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll]; American Legion Post 15 v. Horry County, 674 S.E.2d 181 (S.C. Ct. App. 2009)[Equitable tolling available only where extraordinary circumstances prevented Plaintiff from filing despite Plaintiff's diligence]; Smith v. County of Pickens, No. 10-2268, 2011 WL 3794153 at * 6 (D.S. C. July 29, 2011)["[J]ust as § 1983 incorporates the applicable state statute of limitations, § 1983 actions also incorporate the relevant state tolling rules."], adopted, 2011 WL 3794285 (D.S.C. Aug. 25, 2011).

## Conclusion

Based on the forgoing, it is recommended that the Defendants' motion to dismiss be **granted** to the extent Defendants seek dismissal of any claims relating to Plaintiff's 2007 grievance. However, in so far as the Defendants are seeking a *total* dismissal of this case, they are not entitled to dismissal of Plaintiff's claims arising out of his 2009 grievance on the ground asserted. See, n.5, supra. Therefore, Defendants' motion for a dismissal of this case, in toto, should be **denied**.

The parties are referred to the Notice Page attached hereto.

February 24, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

