IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Freeman, #235180, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Ms. Haselden, Financial Accounting )<br>E.H. Cooper; Libby Priester, Business )<br>Office; and Warden Hagan, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO. 9:11-2113-DCN-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants. Plaintiff is a frequent filer of pro se litigation in this Court.

Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 23, 2012. However, although styled as a motion for "summary judgment", Plaintiff in actuality seeks an entry of default against the Defendants. See Rule 55(a), Fed.R.Civ.P. Plaintiff argues that the Defendants have failed to answer or otherwise plead, and that he is therefore entitled to a default in this case. However, the Defendants timely filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on October 17, 2011. See Court Docket No. 19. A Report and Recommendation was entered on this motion to dismiss on February 24, 2012; see Court Docket No. 26; and is still pending.



The filing of a motion to dismiss constitutes a responsive pleading for purposes of Plaintiff's Complaint, and if the motion to dismiss is denied, the Defendants will thereafter have fourteen (14) days to file an answer or otherwise plead. See Rule 12(a)(4)(A), Fed.R.Civ.P.[1] Therefore, it is recommended that Plaintiff's motion for summary judgment and/or for entry of a default be **denied**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

August 15, 2012
Charleston, South Carolina

---

[1] In fact, a separate request for entry of default by the Plaintiff was declined by the Clerk for this very reason. See Court Docket No. 41.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

